IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BP EXPLORATION & PRODUCTION INC., § § § | | |
| Plaintiff, § § | | |
| VS. § § | Civ. A. H-13-3046 | |
| CASHMAN EQUIPMENT CORPORATION, § LAD SERVICES OF LOUISIANA, LLC,§ AND CASHMAN EQUIPMENT CORP. AND§ LAD SERVICES, A JOINT VENTURE, § § | ADMIRALTY CASE–Rule 9 | |
| Defendant. § | | |

## OPINION AND ORDER

Pending before the Court in the above referenced cause, alleging breach of the Master Services Contract ("MSC") and the Work Releases pursuant to it by overbilling relating to Plaintiff BP Exploration & Production Inc.'s ("BP's") clean-up response to the Deepwater Horizon oil spill in the Gulf of Mexico, is Defendant LAD Services of Louisiana, LLC's ("LAD's") motion for summary judgment (instrument #90).

The briefing on the current motion has caused the Court to reconsider a portion of its ruling in its Opinion and Order (#141) denying co-Defendant Cashman Equipment Corporation's ("Cashman's") motion for summary judgment, which rests on the same grounds as LAD's. Specifically, on reexamination, the Court now agrees that the MSC in dispute is between BP and Cashman Equipment Corporation and LAD Services, a Joint Venture (the "Joint Venture"), and not

-1-

between BP and either Cashman or LAD, individually.[1]  The Court agrees with the construction of the contract argued by Cashman and LAD in their motions for summary judgment showing that the Joint Venture was the party who entered into privity with BP.[2] Nevertheless, the resolution of the privity issue does not affect the final decision of the Court, which denies both Cashman's and, now, LAD's motions for summary dismissal of the claims against them, for reasons explained in depth in its earlier Opinion and Order (#141) and developed here.

As the Court observed in its earlier Opinion and Order, the MSC provides that "to the maximum extent permissible" any dispute related to the contract "shall be governed by the general maritime laws of the United States"; where maritime law is held inapplicable by a court of competent jurisdiction, . . . "the laws of the State of Texas shall apply . . . ."  #86, Ex. A, Articles 24.01 and 24.03.  Because the Court concluded, and still does, that in light of the significance of uniformity in maritime law (See #141 at pp. 39-42), neither Louisiana's unique procedural rule of discussion nor its peculiar rules of partnership/joint venture or secondary

---

[1] The Court erroneously viewed the first paragraph, which, though unlabeled, is actually the preamble, distinct from the title, as part of the "heading" and therefore construed them together as subject to § 1.08 of the MSC, "Headings are used for convenience only and will not affect the construction or validity of this contract."

[2] The Court will not summarize those arguments, but refers the parties to the briefing.

virile share liability apply here. Instead, maritime law applies the general ordinary rules of contract construction and interpretation and generally follows the parties' choice of law clause (#141 at p.12), which in this case selected general maritime law with Texas law to be applied for matters not covered by general maritime law. The Court therefore applied Texas law regarding liability of partnerships and joint ventures to claims of breach of contract based on overpayment.

Under the Texas law, although a partnership/joint venture "is an entity distinct from its partners" and may enter into contracts in its own name, own property, and sue and be sued in its own name, a partner/joint venturer is jointly and severally liable for all obligations of partnership/joint venture. Tex. Bus. Orgs. Code §§ 152.056, 152.304(a), 152.101; *American Star Energy and Minerals Corp. v. Stowers*, 457 S.W. 3d 427, 429 (Tex. 2015). Furthermore a plaintiff/creditor may simultaneously sue a partnership/joint venture and its partners/joint venturers individually in the same suit. *American Star Energy*, 457 S.W. 3d at 429; Tex. Bus. Orgs. Code §§ 152.304(a), 152.305. Nevertheless, a judgment against the partnership/joint venture, alone, is not automatically a judgment against a partner or joint venturer, so the plaintiff must also sue the partner/joint venturer, individually, either in the same suit or, if and after the partnership/joint venture has been found liable, in a separate suit. *American Star Energy*, 457 S.W. 3d at

429-30; Tex. Bus. Org. Code §§ 152.306(a), 152.305. Texas law provides some time for the prevailing plaintiff to collect the debt from the partnership first: if that judgment is unsatisfied within 90 days, he may pursue his claims against the partners/joint venturers individually, in either the same action or a new suit. Tex. Bus. Org. Code § 152.305; #141 at pp. 12, 19-21, 39-42. Here BP filed this suit against all three Defendants (Cashman, LAD, and the Joint Venture), and since all three are potentially liable, Cashman and LAD should remain in this suit.

Moreover, as noted previously with regard to the signature block of the MSC, which was signed by representatives of both Cashman and LAD, under Texas law if all partners/joint venturers sign a contract, but do not sign the partnership name, the failure to sign the partnership name is immaterial and the contract binds the Joint Venture and the joint venturers in all capacities. #141 at p. 42. *Pegues v. Dilworth*, 134 Tex. 169, 132 S.W. 2d 582 (Comm'n App. 1993); 68 CJS Partnership § 193 (database updated June 2015).

So, too, the quasi-contract claims of unjust enrichment and money had and received may continue against all three despite the general rule that such claims are precluded where there is a valid contract, here implicating all three. The Fifth Circuit and Texas courts have held that the general rule does not apply in admiralty where the overpayments were caused by the defendant's inflated

invoices under a binding contract.  *Onaway Transp. Co. v. Offshore Tugs, Inc.*, 695 F.2d 197, 201-02 (5th Cir. 1963)("[I]t is well established that an excessive payment made in ignorance of the fact that it is excessive is recoverable"), *superseded on other grounds, Missouri Pacific Rail Co. v. Railroad Com'n of Texas*, 948 F.2d 179, 182 n.1 (5th Cir. 1991); *Apache Corp. v. Dynegy Midstream Servs. Ltd. P'ship*, 214 S.W. 3d 554, 565 (Tex. App.--Houston [14th Dist.] 2006)(noting that there are exceptions to the general rule that quasi-contract claims are precluded when an express contract governs the subject matter of the lawsuit, such as when the quasi-contract claims are based on overpayment)(*citing Southwestern Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W. 2d 467, 469 (Tex. 1998)("overpayments under a valid contract may give rise to a claim for . . . unjust enrichment")), *aff'd in part and rev'd in part on other grounds*, 294 S.W. 164 (Tex. 2009); *Staats v. Miller*, 150 Tex. 581, 243 S.W. 2d 686, 688 Tex. 1951)(plaintiffs adequately pleaded overpayment on the contract and therefore the case fell within the exception); #141 at pp. 34-35, 42.

Accordingly, reconstruing the MSC as a matter of law, the Court hereby revises its Opinion and Order of September 22, 2015 and concludes that the Joint Venture, and not Cashman and LAD, were parties to the MSC and in privity with BP, for the reasons stated by Cashman and LAD in their motions for summary judgment. Nevertheless the Court

ORDERS that both Cashman and LAD's motions for summary judgment are DENIED because both entities, individually, as a matter of law are potentially jointly and severally liable along with the joint venture for the joint venture's debts.

**SIGNED** at Houston, Texas, this  8th  day of  April , 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE